UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA M. NEVAREZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO, N.A., et. al.,<br><br>Defendants. | Case No. C-12-1660 JCS<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND**<br><br>**[Docket No. 11]** |

## I. INTRODUCTION

Plaintiffs Rosa and Samuel Nevarez ("Plaintiffs") initiated this action on March 20, 2012, challenging the mortgage loan agreement entered into between Plaintiffs and Defendant Wells Fargo Bank, N.A. (hereafter "Defendant"). Defendant removed the case to this Court. On April 23, 2012, Plaintiffs filed a First Amended Complaint. Defendant now brings a Motion to Dismiss the First Amended Complaint ("FAC"). The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). A hearing was held on June 15, 2012. For the reasons stated below, the Motion to Dismiss is GRANTED WITH LEAVE TO AMEND.

## II. REQUEST FOR JUDICIAL NOTICE

Defendants requests that the Court take judicial notice of 14 documents, most of which are matters of public record and/or directly referenced in Plaintiffs' complaint. Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's Complaint Filed by Defendant Wells Fargo Bank,

N.A. Docket No. 11-1. Plaintiffs have not objected to Defendant's request, nor have they challenged the authenticity of any of the attached documents. Accordingly, the Court takes judicial notice of all of these records, except for Exhibit B, pursuant to Rule 201 of the Federal Rule of Evidence.[1] Further, the Court may consider these documents, along with the allegations in Plaintiffs' complaint, on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Evidence. *See Catholic League for Religious and Civil Rights v. City and County of San Francisco*, 464 F.Supp.2d 938, 941 (N.D. Cal. 2006).

## III. BACKGROUND

### A. Factual Background - The Loan History

Plaintiffs financed their existing home loan with World Savings Bank on June 18, 2007, for $377,500 secured by the property located at 318 Chester Street, Daily City, CA. FAC ¶ 13, Ex. A. The loan was memorialized by a Promissory Note and secured by a Deed of Trust (hereafter "the Loan"). FAC ¶ 12, 40 Ex. A; RJN, Ex. A. The "Pick-A-Payment" mortgage promissory note provides: "Each of my initial monthly payments will be in the amount of U.S. $1,481.79. This amount will change as described in Sections 3(c) and 3(D) below. My initial monthly payment amount was selected by me from a range of initial payment amounts approved by Lender and may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance." FAC, Ex. A, § 3(B). The note further provides: "From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called 'Deferred Interest,' will be added to my principal and will accrue interest at the same rate as the Principal." FAC, Ex. A, § 3(E).

Plaintiffs allege that "rather than amortizing the loan with each minimum monthly payment (as occurs with a standard mortgage loan), 'negative amortization' occurs – a borrowers [sic] who elects to make only the schedules payment during the initial years of the Pick-A-Payment loan owes more to the lender than they did on the dat the loan was made." FAC ¶ 15. Plaintiffs further allege

---

[1]The Court denies Defendant's request to take judicial notice of a letter dated November 19, 2007, Office of Thrift Supervision because there is no indication from this document or from the Defendant's Request for Judicial Notice that this letter is a public record. *See* Docket No. 11-1, Request No. 2, Exh. B. The remaining documents in the Defendant's Request are matters of public record.

2

that the documents that were given to them "misrepresented essential terms of the loans, namely that they would suffer negative amortization if they made monthly payments according to the only payment schedule provided to them prior to the closing of the loan." *Id.*, ¶ 16. Plaintiffs allege that Defendant Wells Fargo through its agent Arthur Engwer engaged in "classic bait-and-switch tactics" by representing that the monthly payments would pay off the balance of the loan, then taking advantage of Plaintiffs' limited English language abilities and inducing them to sign loan documents that were contrary to their agreement and promises. *Id.*, ¶ 22. Plaintiffs allege that they executed the note in reasonable reliance upon Defendants' promise that their monthly payments would be $1481.79 and that these payments would cover both accrued interest and a portion of the principal balance owed and that the interest rate and monthly payments would be fixed for a thirty year term. *Id.*, ¶ 43.

With respect to the statute of limitations, Plaintiffs assert that "[a]ll statutes of limitations should be tolled because WELLS FARGO and ARTHUR ENGWER [the loan officer] misrepresented the actual material terms of the loan and their effects on the loan." *Id.*, ¶ 31. Plaintiffs claim that they relied upon the statements of Defendant "without suspecting any fraud"and signed the loan documents "without further investigating them with an understanding that material terms were the same as agreed among the parties" *Id.*, ¶ 33. Plaintiffs state that they first became aware of the fraud in Mach 2012. *Id.*, ¶ 35.

In 2007, World Savings was acquired by Wachovia Mortgage, FSB. RJN, Ex. B. Subsequently, Wachovia was acquired by Wells Fargo Bank, N.A. RJN, Ex. C. Wells Fargo is thus the current holder of the Plaintiffs' mortgage.

Plaintiffs initiated this action on March 20, 2012 in San Mateo County Superior Court. The Defendant removed the action on April 3, 2012, on the basis of diversity of citizenship. *See* Docket No. 1. On April 23, 2012, Plaintiffs filed the FAC. In the FAC, Plaintiffs assert the following claims: 1) violation of California Business and Professions Code § 17200, unfair and fraudulent business practices, 2) fraud; 3) negligent misrepresentation; and 4) contractual breach of the implied covenant of good faith and fair dealing.

3

### B. The *Mandrigues* Class Action Settlement

The Plaintiffs here do not dispute that they are members of a class action lawsuit that settled in another court within this District, *Dolores Mandrigues, individually and on behalf of all others similarly situated v. World Savings, Inc., et al.*, Case No. 5:07-cv-4497.[2] The question, which will be discussed below, is whether the Plaintiffs' current claims are barred by this settlement.

In *Mandrigues*, the plaintiffs alleged numerous violations of state and federal law relating to the manner in which Wachovia originated its Pick-A-Payment loans, including information regarding the interest rate, repayment, the effect of "negative amortization" as well as Wachovia's disclosure requirements under TILA. RJN, Ex. E.

On December 16, 2010, the district court granted preliminary approval of the class action settlement. RJN, Ex. H, Preliminary Approval Order. On April 15, 2011, Plaintiffs filed a Motion for Final Approval of the Class Action Settlement. RJN, Ex. I. As part of that Motion for Approval, the plaintiffs submitted detailed information regarding the 456 class members who had requested exclusion from the Class Action Settlement. RJN, Ex. J, Declaration of Jeffrey K. Burns. On May 17, 2011, the district court approved the Class Action Settlement. RJN, Ex. K (Order Granting Final Approval of Class Action Settlement); Exh. L, (Class Action Judgment); RJN, Ex. M, (Orders Dismissing Appeals to the Ninth Circuit). The Settlement included a release by the plaintiffs of the "(1) 'Alleged Claims'[3] and all claims "arising out of the Alleged Claims, the origination of the Settlement Class Member's Pick-a-Payment mortgage loan, the manner in which the Defendants applied the Settlement Class Member's payments to principal and interest, negative amortization, the

---

[2] *Mandrigues v. World Savings, Inc.*, Case No. 5:07-cv-4497 was consolidated into *In re Wachovia Corp., etc.*, Case No. 5:69-md-0215 JR) (hereafter referred to as "*Mandrigues* Settlement").

[3] Alleged Claims are defined as "claims that are alleged in the Lawsuit and the Related Actions, including, but not limited to, claims that the Defendants and the Additional Defendants violated TILA, **state unfair competition laws, state unfair and deceptive trade practices statutes, and state consumer protection laws; breached the terms of the Parties' contracts; engaged in fraudulent misrepresentation or omissions; and breached the implied duty of good faith and fair dealing in connection with the Plaintiffs' Pick-a-Payment mortgage loans by failing to adequately disclose the loans' potential for negative amortization**, providing Borrowers with inaccurate payment schedules, failing to disclose the interest rates on which those payment scheduled were based, and failing to disclose the terms of the Parties' legal obligations, entitling them to damages, statutory penalties, restitution, punitive damages, interest, attorneys' fees, costs, injunctive relief, and other legal or equitable relief under state and federal law." Motion at 6, n. 1 (citing RJN, Ex. G) (emphasis added).

1 Pick-a-Payment mortgage loan's potential for negative amortization, the disclosure of the
2 Pick-a-Payment mortgage loan's potential for negative amortization, and the disclosure of the
3 manner in which payments would be applied to principal and interest." RJN, Ex. G.
4    In their opposition to the Defendant's Motion to Dismiss, the Plaintiffs admit that they are
5 members of the class actions. Plaintiffs' Response to Motion to Dismiss (hereafter "Pl.'s Opp.") at
6 4.

### C. The Motion to Dismiss

Defendant asserts that all of Plaintiffs' claims are barred and/or fail to state a claim. First Defendant argues that the claims are barred under principles of *res judicata* by the class action settlement in *Mandrigues v World Savings, Inc.*. Second, Defendant argues that each of the claims in the FAC is preempted by federal law, namely, the Homeowner's Loan Act of 1933, 12 U.S.C. § 1461 ("HOLA") and the regulations promulgated thereunder by the Office of Thrift Savings ("OTS"), which extends to residential mortgage lending and servicing activity conducted by a federally chartered savings bank. 12 C.F.R. § 560.2 & *Silvas v. E\*Trade Mortgage Corp*., 514 F.3d 1001, 1006 (9th Cir. 2008)). Third, Defendant contends that the claims are time-barred. Fourth, Defendant argues that Plaintiffs fail to state facts that could support a claim. Motion at 1-2. Specifically, with respect to the violation of Business and Professions Code § 17200, Defendant asserts that the claim for breach of contract and breach of the implied covenant of good faith and fair dealing fails because Plaintiffs have not pled ay unlawful, unfair or fraudulent conduct, which is required elements for this type of claim. *Id*. at 16-8. Regarding the fraud claim, Defendant argues that the contract signed by Plaintiffs clearly explains the terms of the Loan and that the Plaintiffs' admitted failure to read or "investigate" the contract does not save their argument. *Id*., ¶ 18. Defendant argues that the third claim for negligent misrepresentation fails because of the lack of a duty owed to the Plaintiffs – *i.e*., Defendant Wells Fargo as a financial institution and lender of money owes no duty of care to a borrower. *Id.*, ¶ 19. Finally, Defendant argues that the contractual breach of the implied covenant of good faith and fair dealing claim fails for two reasons: 1) the failure to allege a "discretionary duty pursuant to which Wells Fargo did not act in good faith"

(Motion at 20, and 2) bad faith claims cannot be based on actions that occurred before formation of the contract. *Id*.

In their Opposition brief, Plaintiffs argue that Defendant's *res judicata* argument is incorrect because there is no identity of claims between the claims at issue in the class action and those contained in the current action. Plaintiffs next argue that HOLA does not preempt the state claims in this case because the claims are not directed toward regulating the manner in which the bank conducts its business; rather, the claims are aimed at ensuring that a business operates without fraud and deception. Pl's Opp. at 8. Plaintiffs also argue that their claims are not time-barred due to facts supporting the application of the "discovery rule" which acts to toll the statute of limitations until a plaintiff knew or should have known of the wrongful conduct at issue. *Id*. at 9. Plaintiffs argue that their FAC alleges that they did not learn of the Defendants' fraud until March 2012 and that equitable tolling is appropriate here because the Defendants' fraud tolls the statutes of limitations for each of the four claims in the FAC. Finally, Plaintiffs respond that each of claims in the FAC is sufficiently pled and Defendants' motion on the basis of failure to state a claim should be denied.

## IV. ANALYSIS

### A. Legal Standard

#### 1. Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid

theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). The factual allegations must be definite enough to "raise a right to relief above the speculative level." *Id*. at 1965. However, a complaint does not need detailed factual allegations to survive dismissal. *Id*. at 1964. Rather, a complaint need only include enough facts to state a claim that is "plausible on its face." *Id*. at 1974. That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Id*. at 1965 (noting that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), which requires that the pleadings demonstrate that "the pleader is entitled to relief").

The Court finds that the Complaint is barred by the statute of limitations. Because dismissal is required on this basis alone, the Court does not decide the remaining arguments in the Defendant's Motion to Dismiss, *i.e.*, whether all of the claims in the FAC are preempted by federal law, specifically, HOLA, whether the claims are barred by the class action settlement, and whether the Complaint alleges sufficient facts to state a claim.

### B. Whether Plaintiffs' Claims are Time-Barred

Defendant argues that Plaintiffs' claims are outside of the applicable statute of limitations for each claim[4] because the Defendant made the allegedly unlawful and misleading disclosures and false representations in June 2007. Motion at 13 (citing *Nguyen v. Wells Fargo Bank, N.A*., 749 F.Supp. 2d 1022, 1035 (N.D. Cal., October 27, 2010) (holding that fraud-related claims filed more than four years after the loan's origination were time-barred)). Plaintiffs respond that the delay was justified because they did not discover the problems with their loan due to their reliance upon the representations of Wells Fargo agent Arthur Engwer. Opp. at 9-10. Plaintiffs argue that the

---

[4]The statute of limitations on Claim 1 (UCL claim) is four years. Cal Bus. & Prof. Code § 17208). The statute of limitations on Claim 2 (fraud) is three years. Cal. Code Civ Proc. § 338(d). The statute of limitations on Claim 3 (negligent misrepresentation) is two years. Cal. Code Civ. Proc. § 339(a). And the statute of limitations on Claim 4 (the contractual breach of the covenant of good faith and fair dealing claim) is four years. Cal. Code Civ Proc. § 337(1).

"discovery rule" postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. Opp. at 9.

In order for a delay to be excused, a plaintiff must plead and prove their lack of means of obtaining knowledge of the fraud through the exercise of reasonable diligence. *Parsons v. Tickner*, 31 Cal.App.4th 1513, 1525, 37 Cal.Rptr.2d 810 (1995). Where Plaintiffs had access to, from the time the loan was made, papers that disclosed the terms of the loan, reasonable diligence would have enabled Plaintiffs to discover the alleged wrongdoing. *See, e.g. Giordano v. Wachovia Mortg., FSB*, 2011 WL 1130523 at *3 (N.D. Cal., March 25, 2011) (Fogel, J.); *Hague v. Wells Fargo Bank*, *N.A.*, 2012 WL 1029668 at *5 (N.D. Cal., March 26, 2012) (Henderson, J.).

Plaintiffs also argue that the doctrine of equitable tolling excuses their delay in filing the present action. "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period ... until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the ... action." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). The focus of the equitable tolling analysis is "whether there was excusable delay by the plaintiff: 'If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.'" *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002) (internal citation omitted).

Plaintiffs' claims are timely only if they can establish that the statute of limitations was equitably tolled or did not begin to run at the time the loan was originated under the discovery rule. Plaintiffs, however, have alleged no facts supporting the application of either doctrine. In particular, the allegation that they did not understand the terms of the contract they signed, whether due to language or lack of familiarity with the law, does not establish that Plaintiffs could not have learned of their claims through the exercise of due diligence. The Court rejects Plaintiffs' assertion that the claim is timely because they did not discover their claims until March 2012 when the loan documents were "reviewed by a professional." Opp. at 11. "A party is presumed to be familiar with the contents of any document that bears the person's signature." *Motsinger v. Lithia Rose-FT, Inc.*, 211 Or.App. 610, 616 (2007) (citations omitted). Further, Plaintiffs have not alleged any facts that

would show that Plaintiffs could not have reasonably discovered the facts that support their claim until 2012, given that the claims are based on the express terms of the loan that Plaintiffs signed.[5] There is no allegation in the FAC as to why the Plaintiffs waited five years to have the documents reviewed by "a professional." A rule that permits a plaintiff to present timely claims at any point after consulting an attorney would render the statute of limitations meaningless.

Here, the Plaintiffs allege that they secured the loan in June 2007. FAC ¶ 12. Each of the four claims in the FAC relate to misrepresentations and/or false statements that occurred in connection with the origination of the loan. FAC ¶ 50 (alleging that Wells Fargo misrepresented the terms of the loan in violation of Business and Professions Code § 17200); ¶ 66 (alleging that Wells Fargo defrauded Plaintiffs by misrepresenting that the initial payments would reduce the balance of the loan and placing them in a loan that resulted in negative amortization due to deferred interest); ¶ 75 (alleging that Wells Fargo negligently misrepresented to Plaintiffs that the monthly payments would cover both principal and interest); and ¶ 90 (alleging that Wells Fargo breached the covenant of good faith and fair dealing by misrepresenting the material terms of the loan). While Plaintiffs describe each claim in slightly different language, the essence of each is a misrepresentation at the time the loan was executed. The Court thus finds that these claims accrued upon the origination of the subject loan in 2007. Plaintiffs filed their Complaint in March 2012, almost five years later.

Because Plaintiffs have failed to allege any facts showing that their claims are timely, the FAC is dismissed under Rule 12(b)(6).

## V.  CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED WITH LEAVE TO AMEND only to assert any facts that the applicable statute of limitations have been tolled.

---

[5] Nor is the Court persuaded by the Plaintiffs' argument that the Defendants' alleged fraud tolls the statute of limitations. In order for a delay to be excused, a plaintiff must plead and prove their lack of means of obtaining knowledge of the fraud through the exercise of reasonable diligence. *Parsons v. Tickner*, 31 Cal.App.4th 1513, 1525, 37 Cal.Rptr.2d 810 (1995). Where, as here, the Plaintiffs were in possession of the loan documents that reveal the discrepancies between what they were allegedly promised and what was delivered, reasonable diligence would have enabled Plaintiffs to discover the problem. *See, e.g. Giordano v. Wachovia Mortg.*, FSB, *supra*, at *3.

A Second Amended Complaint, if any, shall be filed within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated: June 26, 2012

JOSEPH C. SPERO
United States Magistrate Judge